Brian J. Lawler SBN 221488
**PILOT LAW, P.C.**
850 Beech Street, Suite 713
San Diego, California 92101
Telephone: (619) 255-2398
Facsimile: (619) 231-4984
*blawler@pilotlawcorp.com*

*Attorney for Cody Jay*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY JAY, an individual,<br><br>                             Plaintiff,<br><br>     v.<br><br>LA Fitness International LLC.,<br><br>                             Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**VIOLATIONS OF 38 U.S.C. §4301 ET SEQ;**<br><br>**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff CODY JAY ("Plaintiff") hereby complains against Defendant LA FITNESS INTERNATIONAL LLC., ("LA Fitness") as follows:

## NATURE OF ACTION

1.  This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 et. seq. ("USERRA"). It is brought by Plaintiff against Defendant LA Fitness.

## PARTIES

2.  Plaintiff, Cody Jay ("Plaintiff"), is a citizen of the United States and a resident of Ohio. Plaintiff was employed by LA Fitness at 260 Graceland Blvd,

Columbus, Ohio 43212, as a personal trainer. Plaintiff is a cadet in the United States Army Reserve ("USAR").

3. At all relevant times, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

4. Plaintiff is informed, believes and alleges based on that information and belief, that Defendant LA Fitness International LLC., is believed and therefore alleged to be a corporation organized under the laws of the State of California with its principal place of business at 2600 Michelson Drive, Suite 300, Irvine, California 92612. At all times relevant, LA Fitness was and is an employer for purposes of 38 U.S.C. § 4303 (4)(A) and § 4323(i).

5. Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

6. Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

7. Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## JURISDICTION AND VENUE

8. This complaint arises under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §§4301-4335. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3). Venue is proper because LA Fitness maintains a place of business in

and is headquartered in this district, as provided in 38 U.S.C. §4323(c)(2), 28 U.S.C. §1391(b).

9. Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## GENERAL FACTUAL ALLEGATIONS

10. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 9, inclusive, as though set forth at length herein and made a part hereof.

11. Plaintiff Cody Jay is a resident of Columbus, Ohio and a member of the USAR. Plaintiff joined the USAR on October 3, 2016 and was at all times herein performing various periods of military service during his employment with Defendant. Plaintiff began working for Defendant on March 16, 2018 as a personal trainer.

12. Defendant knew Plaintiff was in the USAR when it hired Plaintiff. Plaintiff provided Defendant a copy of his monthly service obligation ("drill") schedule. Defendant informed Plaintiff that a printed schedule was not necessary, and he simply needed to provide Defendant with verbal notice of his military service obligations. Plaintiff conducted two monthly drills while employed, each time giving Defendant's employee Joseph Wilson and Plaintiff's clients advance notice of his military service obligations. Plaintiff was scheduled to attend his annual training service obligation ("annual training") on July 6, 2018. Plaintiff gave Defendant verbal notification two weeks prior to his scheduled training and did the same with his clients. Plaintiff's last day of work prior to reporting for military duty was July 4, 2018. Plaintiff informed Defendant that he planned to return to work on August 1, 2018.

13. On July 26, 2018, Defendant texted Plaintiff to notify him that he was fired. Defendant instructed Plaintiff to return his uniforms as soon as possible. When Plaintiff asked why he was being fired, Defendant replied "military leave." Plaintiff

reminded Defendant that he was currently serving on military orders, which Defendant acknowledged but then insisted that it needed Plaintiff available to work more hours.

14. On August 1, 2018, Plaintiff returned his uniforms to Defendant and discovered he no longer had access to the employee database. Plaintiff requested a copy of Defendant's military leave policy, but his request was denied. Plaintiff noted that Defendant had hired a replacement personal trainer in his absence.

## Violations of 38 U.S.C. §4301 et seq.

15. Plaintiff hereby alleges and incorporates all paragraphs 1-14 above by reference herein.

16. USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

17. Section 4311 of USERRA provides, in relevant part, that a person "who is a member of,…performs, has performed,…or has an obligation to perform service in a uniformed service shall not be denied… any benefit of employment by an employer on the basis of that membership,…performance of service, or obligation."

18. Section 4311 (c) further provides, in relevant part, that "[a]n employer shall be considered to have engaged in actions prohibited… if the person's membership… or obligation for service in the uniformed services is a motivating factor in the employer's action."

19. Defendants, and each of them, knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and by denying him benefits of employment "on the basis of" his "obligation to perform service in a uniformed service."

20. As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all to his damage in an amount to be proven at trial.

21. Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

22. Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

1. Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. § 4301, et seq.;

2. Require that Defendants fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices under USERRA described herein;

3. Fees and expenses, including attorneys' fees and costs pursuant to 38 U.S.C. §4323(h);

4. Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

5. Order that Defendants pay liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendants' willful violations of USERRA;

6. Grant an award for costs of suit incurred; and,

7. Grant such other and further relief as may be just, and proper and which Plaintiff may be entitled to under all applicable laws.

Respectfully Submitted,

Dated:  November 28, 2018          PILOT LAW, P.C.

By: /s/ *Brian J. Lawler*

BRIAN J. LAWLER
Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Respectfully Submitted,

Dated:  November 28, 2018          PILOT LAW, P.C.
By: /s/ *Brian J. Lawler*
BRIAN J. LAWLER
Attorney for Plaintiff